1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERESA B.,

                              Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

                              Defendant.

Case No. 2:20-cv-01197

ORDER AFFIRMING
DEFENDANT'S DECISION TO
DENY BENEFITS

Plaintiff has brought this matter for judicial review of Defendant's denial of her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits.

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court affirms Defendant's decision to deny benefits.

## I.    ISSUES FOR REVIEW

1. Did the ALJ err at step two of the sequential evaluation?
2. Did the ALJ properly discount an opinion from a physician's assistant?
3. Did the ALJ err in evaluating the medical opinion evidence?
4. Did the ALJ properly discount Plaintiff's testimony?
5. Did the ALJ properly assess Plaintiff's residual functional capacity ("RFC")?

## II.   BACKGROUND

Plaintiff filed claims for DIB and SSI on June 2, 2016, alleging in both applications a disability onset date of December 15, 2007. AR 26, 251-52, 253-61. Plaintiff amended her disability onset date to January 1, 2009. AR 26. Plaintiff's applications were denied initially and upon reconsideration. AR 26, 128-34, 135-43, 149-55, 156-62. ALJ Laura Valente held hearings on June 7, 2018 and June 25, 2019. AR 45-56, 57-83. On July 17, 2019, ALJ Valente issued a decision finding that Plaintiff was not disabled. AR 23-39. On May 29, 2020, the Social Security Appeals Council denied Plaintiff's request for review. AR 1-6.

Plaintiff seeks judicial review of ALJ Valente's July 17, 2019 decision. Dkt. 4.

## III.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

## IV.   DISCUSSION

In this case, the ALJ found that Plaintiff had the severe impairments of left shoulder fracture, hearing loss without cochlear implants, right hand pinky amputation, and degenerative disc disease. AR 29. The ALJ also found that Plaintiff had the non-severe impairments of fibromyalgia, colitis, cleft palate, depression, and anxiety. AR 29-31.

Based on the limitations stemming from Plaintiff's impairments, the ALJ found that Plaintiff could perform a reduced range of light work. AR 32. Relying on vocational expert ("VE") testimony, the ALJ found that Plaintiff could perform her past work; therefore, the ALJ determined at step four of the sequential evaluation that Plaintiff was not disabled. AR 37-38, 77-79.

A. Whether the ALJ erred at step two of the sequential evaluation

Plaintiff contends that the ALJ erred in finding her colitis to be a non-severe impairment at step two of the sequential evaluation. Dkt. 12, pp. 4-5.

At step two of the sequential evaluation, the ALJ must determine if the claimant suffers from any medically determinable impairments that are "severe." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment is not considered to be "severe" if it does not "significantly limit" a claimant's mental or physical abilities to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c); Social Security Ruling ("SSR") 96-3p, 1996 WL 374181, at *1. Basic work activities are those "abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b); SSR 85-28, 1985 WL 56856, at *3. An impairment is not severe if the evidence establishes only a slight abnormality that has "no more than a minimal effect on an individual[']s ability to work." SSR 85-28, 1985 WL 56856, at *3; *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).

Here, the ALJ found that imaging of Plaintiff's abdomen was consistent with non-specific colitis, but that the symptoms stemming from this condition, including nausea and vomiting, were infrequent, of short duration, and were successfully treated with conservative measures such as intravenous hydration and bowel rest. AR 29-30, 508,

514, 529-31. The record reveals that Plaintiff presented with colitis related symptoms only twice during following her alleged disability onset date, that her symptoms improved quickly with conservative treatment, and that she otherwise denied symptoms of nausea and abdominal pain during the period at issue. AR 474, 521, 524, 525, 527, 588, 596, 629, 630, 984, 991, 1006.

Accordingly, the ALJ's finding that Plaintiff's colitis did not impose more than a minimal effect on her ability to work is supported by substantial evidence.

Plaintiff also contends that the ALJ erred in evaluating her depression and anxiety at step two. Dkt. 12, pp. 4-5. However, Plaintiff has not explained how the ALJ erred in evaluating this evidence, and the Court declines to consider Plaintiff's conclusory argument. *See Valentine v. Comm'r of Soc. Sec. Admin*., 574 F.3d 685, 692, n. 2 (9th Cir. 2009) (rejecting "any invitation" to find error where the claimant failed to explain how the ALJ harmfully erred).

B. <u>Whether the ALJ erred in evaluating an opinion from a physician's assistant</u>

Plaintiff contends that the ALJ erred in evaluating opinions from physician's assistant Anne Blanchette PA-C. Dkt. 12, pp. 7-8.

Under regulations in force when Plaintiff filed her applications, when evaluating opinions from non-acceptable medical sources, such as physician's assistants, an ALJ may expressly disregard such testimony if the ALJ provides "reasons germane to each witness for doing so." *Turner v. Commissioner of Social Sec*., 613 F.3d 1217, 1224 (9th Cir. 2010) (citing *Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir. 2001); 20 C.F.R. §§ 404.1502, 416.902.

Ms. Blanchette provided an opinion concerning Plaintiff's functional limitations on March 9, 2018. AR 556-60, 824-28. Ms. Blanchette diagnosed Plaintiff with "severe" post-traumatic stress disorder and anxiety, along with moderate to marked degenerative changes in her cervical spine, chronic pain and marked impairment with respect to her face, ears, teeth, and cleft palette. AR 557, 825.

Ms. Blanchette noted that Plaintiff attended counseling sessions for her post-traumatic stress disorder, and physical therapy for her shoulder and arm pain. AR 556, 824. Ms. Blanchette opined that Plaintiff would be restricted to performing sedentary work due to her impairments and added that Plaintiff should undergo a mental health evaluation and cognitive behavioral therapy. AR 558, 826.

On April 6, 2018, Ms. Blanchette stated that she supported Plaintiff's claim for disability, with depression and post-traumatic stress disorder as her primary impairments, and encouraged Plaintiff to see a mental health provider in connection with her claim. AR 829-832.

The ALJ assigned "minimal weight" to Ms. Blanchette's opinion, reasoning that it was poorly supported and internally inconsistent because: (1) Ms. Blanchette found that Plaintiff had serious mental and physical symptoms, but did not attempt to independently verify whether Plaintiff actually attended counseling or physical therapy sessions or if she exhibited symptoms of post-traumatic stress disorder; and (2) Ms. Blanchette briefly noted that she supported Plaintiff's disability claim, but did not explain her opinion. AR 36-37.

With respect to the ALJ's first reason, a finding that a claimant provided inaccurate information to a treating source can serve as a valid reason for discounting

an opinion from that source. *See Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) (upholding ALJ's rejection of examining physician's opinion because, inter alia, it "was predicated in part on her erroneous belief that Chaudhry's wheelchair and cane were prescribed"); *see also Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (upholding an adverse credibility finding where the ALJ found that the claimant had not been a reliable historian, "presenting conflicting information about her drug and alcohol usage'"); *Verduzco v. Apfel*, 188 F.3d, 1087, 1090 (9th Cir.1999) (relying on inconsistent statements about alcohol use to discount claimant's testimony).

In finding that Ms. Blanchette partially relied on erroneous assumptions about Plaintiff's treatment history when assessing her opinion, the ALJ has provided a germane reason for discounting it.

C. Whether the ALJ erred in evaluating the medical opinion evidence

Plaintiff contends that the ALJ erred in evaluating the opinion of examining psychiatrist Kirsten Nestler, M.D. Dkt. 12, p. 8.

Dr. Nestler evaluated Plaintiff on January 19, 2017. AR 493-97, 812-16. Dr. Nestler's evaluation consisted of a review of the medical record, a clinical interview, and a mental status examination. Based on this evaluation, Dr. Nestler opined that Plaintiff would not have any work-related mental limitations, and stated that she suspected that Plaintiff was exaggerating her symptoms. AR 496-97, 815-16.

The ALJ assigned "significant weight" to Dr. Nestler's opinion, reasoning that it was based on a thorough evaluation and was consistent with the results of her mental status examination and the medical record. AR 36. The ALJ's assessment of Dr.

1  Nestler's mental status examination, during which Plaintiff exhibited few, if any, mental

2  health symptoms, is supported by substantial evidence. AR 495-96, 814-15.

3      Plaintiff also mentions the March 28, 2016 opinion of Marshall Anderson M.D.,

4  but does not allege any specific error with respect to the ALJ's evaluation of this

5  evidence. Dkt. 12, p. 8; AR 442-46. Given the lack of specificity in Plaintiff's argument,

6  Plaintiff failed to demonstrate any harmful error on this issue. *See Bailey v. Colvin*, 669

7  Fed. Appx. 839, 840 (9th Cir. 2016) (citing *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th

8  Cir. 2012)) (finding no error where the claimant did not "demonstrate prejudice from any

9  errors"). The Court therefore rejects Plaintiff's conclusory argument. *See Valentine v.*

10 *Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692, n. 2 (9th Cir. 2009) (rejecting "any

11 invitation" to find error where the claimant failed to explain how the ALJ harmfully erred).

12      D.  Whether the ALJ erred in evaluating Plaintiff's symptom testimony

13      Plaintiff contends that the ALJ erred by not providing clear and convincing

14 reasons for discounting Plaintiff's symptom testimony. Dkt. 12, pp. 9-12.

15      In weighing a claimant's testimony, an ALJ must use a two-step process. *Trevizo*

16 *v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether

17 there is objective medical evidence of an underlying impairment that could reasonably

18 be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763

19 F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and provided there is no

20 evidence of malingering, the second step allows the ALJ to reject the claimant's

21 testimony of the severity of symptoms if the ALJ can provide specific findings and clear

22 and convincing reasons for rejecting the claimant's testimony. *Id.*

23

24

25

In discounting Plaintiff's testimony, the ALJ reasoned that: (1) Plaintiff's allegations concerning her physical and mental impairments were inconsistent with the medical record; (2) Plaintiff degenerative disc disease and left shoulder impairments improved with minimal treatment; and (3) Plaintiff's allegations were inconsistent with her self-described activities of daily living. AR 33-35.

With respect to the ALJ's first reason, inconsistency with the objective evidence may serve as a clear and convincing reason for discounting a claimant's testimony. *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998). But an ALJ may not reject a claimant's subjective symptom testimony "*solely* because the degree of pain alleged is not supported by objective medical evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995) (internal quotation marks omitted, and emphasis added); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (applying rule to subjective complaints other than pain).

As for the ALJ's second reason, a finding that a claimant's impairments are successfully managed with conservative treatment can serve as a clear and convincing reason for discounting a claimant's testimony. *See* 20 C.F.R. §§ 404.1529(c)(3)(iv) 416.929(c)(3)(iv) (the effectiveness of medication and treatment are relevant to the evaluation of a claimant's alleged symptoms); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (evidence of medical treatment successfully relieving symptoms can undermine a claim of disability); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (citing *Parra v. Astrue*, 481 F.3d 742, 750–51 (9th Cir.2007) (stating that "evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment").

1    Here, the ALJ found that Plaintiff's left shoulder improved even though she did

2 not pursue a recommended three-month course of physical therapy. AR 33-34, 480,

3 485, 818. The ALJ similarly found that with respect to Plaintiff's degenerative disc

4 disease, diagnostic imaging of Plaintiff's cervical spine was largely normal, Plaintiff

5 rarely complained of back pain during the period at issue, and no physician

6 recommended that Plaintiff receive more than conservative treatment for her condition.

7 AR 34, 450, 535, 560-686, 973.

8    Accordingly, the ALJ has provided clear and convincing reasons, supported by

9 substantial evidence, for discounting Plaintiff's allegations concerning her physical

10 impairments.

11    Plaintiff contends that the ALJ erred by not providing clear and convincing

12 reasons for rejecting Plaintiff's symptom testimony concerning her mental impairments

13 and not properly accounting for Plaintiff's anxiety, depression, and post-traumatic stress

14 disorder when assessing Plaintiff's residual functional capacity ("RFC"). Dkt. 12, pp. 11-

15 12.

16    Here, the ALJ's evaluation of Plaintiff's mental health impairments was supported

17 by substantial evidence. For the reasons discussed above, the ALJ's evaluation of Dr.

18 Nestler's opinion, which indicated that Plaintiff may have exaggerated her symptoms

19 and assessed Plaintiff as having no work-related mental limitations, was supported by

20 substantial evidence. *Batson v. Comm' r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th

21 Cir. 2004) (contrary objective findings from medical evaluations, especially those calling

22 a claimant's credibility into question, can serve as substantial evidence for discounting a

23 claimant's testimony); *see also Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th

24

25

Cir. 2008) (medical source opinions can support an ALJ's symptom testimony evaluation).

    E.  <u>Whether the ALJ erred in assessing Plaintiff's RFC</u>

    Plaintiff contends that the ALJ erred at step five of the sequential evaluation by not including all the limitations stemming from Plaintiff's impairments in the RFC hypothetical posed to the vocational expert ("VE"). Dkt. 12, pp. 12-15.

    An ALJ posing a hypothetical question to a VE "must include 'all of the claimant's functional limitations, both physical and mental' supported by the record." *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002) (quoting *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995)).

    However, the ALJ is not required to include in the RFC restrictions he or she finds unsupported by the record, and an ALJ does not err by excluding from the RFC limitations from medical evidence or symptom testimony that he or she properly discounted. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001); *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197-98 (9th Cir. 2004).

    For the reasons discussed above, the ALJ's evaluation of the medical record and Plaintiff's symptom testimony is supported by substantial evidence, and the ALJ did not err at step five.

    F.  <u>Additional evidence</u>

    The record contains evidence submitted by plaintiff after the ALJ issued her decision. AR 13-22. The Social Security Appeals Council denied review of Plaintiff's

1   claim and opted not to exhibit this evidence, reasoning that it did not relate to the period

2   at issue or show a reasonable probability of changing the outcome. AR 2.

3        This Court must consider this additional material in determining whether the

4   ALJ's decision is supported by substantial evidence. *See Brewes v. Commissioner of*

5   *Social Security*, 682 F.3d 1157, 1160 (9th Cir. 2012) (when a claimant submits evidence

6   for the first time to the Appeals Council, which considers that evidence in denying

7   review of the ALJ's decision, the new evidence is part of the administrative which the

8   district court must consider in determining whether the Commissioner's decision is

9   supported by substantial evidence).

10       The evidence in question consists of treatment notes from 2019 concerning

11  Plaintiff's mild to moderate hearing loss and diagnostic imaging results from the same

12  period concerning Plaintiff's cervical spine and shoulders. AR 13-22. This material is

13  broadly consistent with evidence already in the record, and does not prevent the ALJ's

14  decision from being supported by substantial evidence.

15                        <u>CONCLUSION</u>

16       Based on the foregoing discussion, the Court finds the ALJ properly determined

17  plaintiff to be not disabled. Defendant's decision to deny benefits therefore is

18  AFFIRMED.

19       Dated this 21st day of September, 2021.

20

21       Theresa L. Fricke
22       United States Magistrate Judge

23

24

25

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 11